UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CAROL F.,

        Plaintiff,

v.                                                          Civil Action No. 2:19cv155

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

## FINAL ORDER

The matter before the Court is a Report and Recommendation ("R&R") resolving Cross-Motions for Summary Judgment in a case brought by Plaintiff Carol F.[1] ("Plaintiff"). Plaintiff sought judicial review under 42 U.S.C. §§ 1383(c)(3) and 405(g) of the Social Security Commissioner's ("Defendant") denial of her claim for a period of disability and disability insurance benefits.

The Cross-Motions were referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), and Local Rule 72 for report and recommendation. The Magistrate Judge found that the decision by the Administrative Law Judge ("ALJ") denying Plaintiff's claim was supported by substantial evidence. ECF No. 22. The R&R was filed on June 9, 2020 (ECF No. 22), and Plaintiff subsequently filed an Objection. ECF No. 23.

---

[1] In accordance with a committee recommendation of the Judicial Conference, Plaintiff's last name has been redacted for privacy reasons.

This Court has reviewed the record and has considered the Objection. After making *de novo* findings regarding the portion objected to and for the reasons stated herein, the Objection (ECF No. 23) is **OVERRULED,** and the Report and Recommendation (ECF No. 22) is **ADOPTED AND APPROVED**. It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**; Defendant's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.

I. ANALYSIS

Plaintiff objects to the conclusion in the R&R on the issue of whether "a moderate limitation in concentration, persistence, or pace may be satisfied by measuring the limitation by the length of time one can perform the task, and if . . . defining that length of time to a 2-hour increment is consistent with being one-set away from a marked-level impairment." ECF No. 23 at 1 (footnote omitted).

In *Mascio v. Colvin*, 780 F.3d 632 (4th. Cir. 2015), the United States Court of Appeals for the Fourth Circuit "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). The Court agrees that "*Mascio* did not create a *per se* rule regarding which RFC limitations account for moderate limitations in concentration, persistence, or pace." ECF No. 24 at 2. Cases concluding that a two-hour limit on task performance is sufficient are more persuasive. *See also* ECF No. 22 at 24–25.

The ALJ examined Plaintiff's physical and mental health conditions, her symptoms, the hearing testimony of Plaintiff and her spouse, Plaintiff's educational background and work history, her activities of daily living, her body mass, her response to medications and treatment, and the

medical evidence. ECF No. 22 at 19–20. Moreover, the ALJ considered Plaintiff's mental health and that Plaintiff "could work an entire workday and workweek with customary breaks." *Id*. at 24. The ALJ satisfied the requirements of *Mascio*. The Objection is **OVERRULED**.

## II. CONCLUSION

After making *de novo* findings regarding the portion objected to and for the reasons stated herein, the Objection (ECF No. 23) is **OVERRULED,** and the Report and Recommendation (ECF No. 22) is **ADOPTED AND APPROVED.** It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**; Defendant's Motion for Summary Judgment (ECF No. 13) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

Plaintiff is **ADVISED** that she may appeal from this Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty days from the date of this Final Order.

The Clerk is **REQUESTED** to send a copy of this Order to Plaintiff and to the United States Attorney's Office.

/s/
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
July 13, 2020